HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINGO VENEGAS-RAMIREZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C16-1204 RAJ

ORDER

This matter comes before the Court on *pro se* Petitioner Domingo Venegas-Ramirez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. Dkt. # 1. The Government filed a response to the Motion. Dkt. # 5. For the reasons that follow, the Court **DENIES** Mr. Venegas-Ramirez's Motion.

**I.    BACKGROUND**

On January 12, 2016, Mr. Venegas-Ramirez pleaded guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Dkt. # 5-1 (Transcript of Change of Plea Proceedings).

On April 8, 2016, the Court sentenced Mr. Venegas-Ramirez to seventy-two months in prison. Dkt. # 5-2 (Transcript of Sentencing Hearing). In doing so, the Court

adopted the parties' recommendation to vary downward from the Sentencing Guidelines range, which was calculated at 168-210 months. *Id.* at 10.

On August 1, 2016, Mr. Venegas-Ramirez filed a § 2255 motion claiming ineffective assistance of counsel. Dkt. # 1.

**II.     LEGAL STANDARD**

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

Under 28 U.S.C. § 2253(c), there is no right to appeal from a final order in a proceeding under section 2255 unless a circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

**III.    DISCUSSION**

Mr. Venegas-Ramirez premises his Motion on four ineffective assistance of counsel claims. First, he contends that his trial counsel failed to advise him of his Fifth and Sixth Amendment rights before he pleaded guilty. Second, he contends that counsel failed to ensure that his guilty plea was supported by sufficient evidence that he committed the crime of conviction. Third, he contends that counsel failed to ensure that he received a sufficient opportunity for allocution at his sentencing hearing. Fourth, he contends that counsel failed to file a notice of appeal.

A claim for ineffective assistance of counsel requires a showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the claimant was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first step requires showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. In applying this first step, courts "must apply a strong presumption

that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quotation marks and citation omitted). The second step requires showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

Mr. Venegas-Ramirez cannot make the requisite showing under *Strickland*. First, he cannot show he was improperly advised of his constitutional trial rights because the hearing transcript shows that the Court carefully advised him of the rights he was waiving by entering a guilty plea. Dkt. # 5-1 (Transcript of Change of Plea Proceedings). Second, he cannot show that his guilty plea was unsupported by sufficient evidence because he admitted to engaging in conduct that meets the requisite elements of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. *Id.* at 13; *see also* Case No. CR14-197-RAJ, Dkt. # 33 (Plea Agreement) (W.D. Wash. Jan. 12, 2016). Third, he cannot show that he was deprived of the opportunity for allocution because the transcript of the sentencing hearing shows that he was offered the opportunity to address the Court and in fact did address the Court. Dkt. # 5-2 (Transcript of Sentencing Hearing) at 15. Fourth, even if Mr. Venegas-Ramirez were able to show that counsel acted unreasonably by failing to heed his request to appeal, he cannot establish prejudice. As part of his plea agreement he waived his right to appeal in exchange for the Government dismissing the remaining counts in the Third Superseding Indictment and a pending related Indictment as well as any additional drug-related charges. Dkt. # 5-1 (Transcript of Change of Plea Proceedings) at 10; Case No. CR14-197-RAJ, Dkt. # 33 (Plea Agreement) at ¶ 15. Mr. Venegas-Ramirez's ineffective assistance claims are without merit.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Venegas-Ramirez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. # 1) and directs the clerk to **DISMISS** this action and enter

judgment for the Government. The Court finds that reasonable jurists would not debate the resolution of this motion. Accordingly, the Court declines to issue a certificate of appealability. *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 28th day of June, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge