UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOMINGO VENEGAS RAMIREZ,

    Defendant.

Case No. CR14-197-RAJ-9

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Domingo Venegas Ramirez's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Dkt. #424. For the reasons that follow, the Court **DENIES** Defendant's motion.

## II. BACKGROUND

On January 12, 2016, Defendant pled guilty to conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Dkt. #333. At Defendant's sentencing hearing, his adjusted base offense level was 34 with a criminal history level of II. The applicable guideline calculation suggested a sentencing range of 168-210 months of imprisonment. Dkt. #338. On April 8, 2016, Defendant was sentenced to a term of 72 months' imprisonment followed by four years of supervised release. Dkt. #345. The Court imposed a sentence below the applicable sentencing range based on 18 U.S.C. § 3553(a) factors. Statement of Reasons Form at 1. Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Dkt. #424. Defendant

ORDER – 1

contends that he is entitled to a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines ("USSG").

## III. DISCUSSION

On April 30, 2014, the Sentencing Commission promulgated Amendment 782, revising the Drug Quantity Table and chemical quality tables, which amended the guideline ranges for crimes involving narcotics. On July 18, 2014, the Sentencing Commission voted to make Amendment 782 retroactively applicable to previously sentenced prisoners, and the amendment became effective on November 1, 2014. Thus, under 18 U.S.C. § 3582(c)(2), previously sentenced prisoners may move to modify their sentences on the basis of the amendment. 18 U.S.C. § 3582(c)(2) allows for a defendant to move to reduce a term of imprisonment when that term is based on a sentencing range that has been subsequently lowered by the Sentencing Commission.

For a defendant to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions are necessary: "(1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements." *Zapata*, No. CR07-0343-JLR, 2016 WL 7336159, at *1 (citing *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam)). The Court lacks jurisdiction to reduce a defendant's sentence if either of these conditions are not met. *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). The Guidelines reinforce this restriction by specifying that the Court is precluded from reducing a sentence where a retroactive amendment does not lower the defendant's sentencing range. USSG § 1B1.10 (a)(2)(B).

Defendant was sentenced on April 8, 2016, or almost one and one-half years after Amendment 782 went into effect. The 2015 Guidelines Manual, which incorporates all guidelines amendments, was used to determine Defendant's offense level. Dkt. #338. Defendant was not sentenced to a term of imprisonment based on a sentencing range

ORDER – 2

retroactively lowered by a Guidelines amendment.  Therefore, he does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  Dkt. #424.

DATED this 11th day of September, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3